UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| GERALDINE BLUE BIRD,<br><br>　　　　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | 5:16-CV-5058-KES<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner, Geraldine Blue Bird, moves to correct her sentence because of a possible *Johnson* claim under 28 U.S.C. § 2255. Respondent, United States of America, opposes the motion and moves to dismiss Blue Bird's motion. Docket 8. For the following reasons, the court denies Blue Bird's petition.

## BACKGROUND

Blue Bird was found guilty by a jury of the following crimes: count 1-conspiracy to distribute cocaine, count 2-conspiracy to distribute marijuana, count 3-possession with the intent to distribute cocaine, count 4-possession with the intent to distribute cocaine, count 7-possession with the intent to distribute 500 grams or more of cocaine, and count 8-possession of a firearm in relation to a drug trafficking crime. In her presentence report, the total offense level was calculated to be 40, and no Chapter Four enhancements were applied. PSR at ¶ 35. On April 4, 2007, Blue Bird was sentenced to 350 months in custody on count one, 60 months concurrent to count 1 on count 2, 240

months concurrent to counts 1 and 2 on count 3, 240 months concurrent to counts 1, 2, and 3 on count 4, 240 months concurrent to counts 1, 2, 3, and 4 on count 7, and 60 months consecutive to counts 1, 2, 3, 4, and 7 on count 8. All sentences were within her advisory guideline ranges.

An amended judgment was filed on March 25, 2015, reducing Blue Bird's sentences under 18 U.S.C. § 3582(c)(2) to 281 months on count 1, 60 months on count 2, 235 months on count 3, 235 months on count 4, 235 months on count 7, and 60 months on count 8, with counts 1, 2, 3, 4, and 7 to run concurrently, and the sentence on count 8 to run consecutively with the other counts.

Blue Bird now moves to correct her sentence because of a new rule of constitutional law that was announced by the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). She also moves for appointment of counsel. By standing order of the Chief Judge for the District of South Dakota, the Federal Public Defender was appointed to represent Blue Bird. The Federal Public Defender filed a notice of intent not to supplement Blue Bird's pro se filing. The United States moves to dismiss her motion for failure to state a claim.

## DISCUSSION

*Johnson* addressed the application of the "residual clause" found in the Armed Career Criminal Act, at 18 U.S.C. § 924(e)(2)(B)(ii). But Blue Bird was not convicted under the Armed Career Criminal Act. Additionally, no enhancements were applied to her that included residual-clause language.

Thus, she has no claim that *Johnson* somehow invalidated her guidelines application. Blue Bird was sentenced separately for her firearms conviction under § 924(c) because she possessed a firearm in relation to a drug trafficking crime. Her sentence for possession of a firearm did not depend on language resembling the invalidated Armed Career Criminal Act residual clause. Because there is no connection between *Johnson* and Blue Bird's convictions, Blue Bird's motion for a sentence reduction is denied. Similarly, her motion for appointment of counsel is denied as moot because the Federal Public Defender's Office for the District of South Dakota was appointed by standing order of the Chief Judge of the District of South Dakota.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The court finds that Blue Bird has not made a substantial showing that her claim is debatable among reasonable

jurists, that another court could resolve the issues raised in that claim differently, or that a question raised by that claim deserves further proceedings. Consequently, a certificate of appealability is denied.

## CONCLUSION

Blue Bird has not demonstrated that she is entitled to a sentence reduction under *Johnson* or to the assistance of a court appointed attorney. And the court denies a certificate of appealability. Thus, it is

ORDERED that Blue Bird's Motion to Correct her sentence is denied (Docket 1).

IT IS FURTHER ORDERED that Blue Bird's motion for an attorney (Docket 1) is denied as moot.

IT IS FURTHER ORDERED that the United States' motion to dismiss (Docket 7) is granted.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated August 16, 2016.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE